Parker C. J.
afterward drew up the opinion of the Court. The only question is on the sufficiency of the notice ; and the objection is, that it does not appear to have been given by the overseers of Ashby. It is in all respects sufficiently particular ; but it is signed by the selectmen as such, not stating the capacity of overseers, in which they acted. By statute, they, as selectmen, there being no other persons chosen for the office, were overseers, virtute officii. So that the objection is not to their want of authority, but to their not having denominated themselves overseers, in their letter of notice.
As it is by a general law, that the duty of overseers is devolved upon the selectmen, when no persons are specially designated to that office, the overseers of Lunenburg cannot pretend ignorance of it; and we think, that having received notice of a matter relating to the poor, signed by persons calling themselves selectmen, they ought to have presumed they were acting in the capacity of overseers.
The case of Dalton v. Hinsdale refers only to cases where there are overseers ; and only requires that the notice should come from them, or an agent appointed by them.
The case of Powers v. Ware, is very strong in support of the ground taken by the plaintiffs, that selectmen having authority as overseers, may be bound in the latter capacity, without naming themselves as such.
The case of Garland v. Brewer is directly in point.

Judgment of C. C. P. reversed.

[1]

 See Rowe v. Beale, 15 Pick. 125; Dover v. Deer Island, 15 Maine R. (3 Sbepley,) 169.